**Joseph Lee GIBSON, Plaintiff,**

v.

**BOY SCOUTS OF AMERICA, et al., Defendants.**

**No. CIV.A. 04–1040.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 3, 2005.

Joseph Lee Gibson, McLean, VA, pro se.

Raymond Donald Battocchi, Gabeler Battocchi Griggs & Powell PLLC, McLean, VA, for plaintiff.

P. David Richardson, McLean, VA, pro se.

John David McGavin, Trichilo Bancroft McGavin Horvath & Judkins PC, Fairfax, VA, for defendants.

### *MEMORANDUM ORDER*

LEE, District Judge.

THIS MATTER is before the Court for determination of the appropriate injunctive

relief to remedy the violation of Plaintiff Joseph Lee Gibson's ("Mr. Gibson," "Plaintiff") rights of fair procedure by Defendants Boy Scouts of America ("BSA") and National Capital Area Council ("NCAC") (collectively, "Defendants"). This case concerns the revocation of Mr. Gibson's membership in the Boy Scouts of America by BSA and NCAC, depriving him of his position as Scoutmaster for Troop 869, without notice that his membership was under consideration for revocation or of the basis for the revocation, or opportunity to reply to charges against him. The Court granted summary judgment to Mr. Gibson on his fair procedure claim by Order dated January 11, 2005. The Court granted summary judgment on Mr. Gibson's *ultra vires* claim to the defendants in the accompanying Memorandum Opinion dated March 3, 2005. All other claims have been dismissed. The question before the Court is what injunctive relief should be accorded Mr. Gibson for violation of his rights of fair procedure.

The Court requested both parties brief the issue of what injunctive relief, if any, is necessary to vindicate Mr. Gibson's rights of fair procedure. The parties have briefed the matter, and oral argument was held on February 7, 2005. After careful consideration, in light of the defendants continued desire to revoke Mr. Gibson's membership, the Court requires the defendants to comply with the following procedure to ensure that Mr. Gibson's rights of fair procedure are not again violated:

(1) Defendants must provide Mr. Gibson with notice, in writing, of the charges against him;

(2) Defendants must hold a hearing before an impartial tribunal unfamiliar with Mr. Gibson or the facts of this case;

(3) The Scout Executive may appoint the members of the tribunal, described by defense counsel as the "Standards of Membership Committee," but no member may possess independent knowledge of the underlying facts at issue;

(4) Mr. Gibson will be permitted to appear at the hearing with counsel, and he may present live witnesses on his behalf, testify on his own behalf, and cross-examine witnesses;

(5) The Committee may consider anything of probative value and the rules of evidence do not apply to this proceeding;

(6) No member may conduct an independent investigation of the facts at issue or have ex parte contact with witnesses at the proceeding;

(7) The proceeding will occur in private, during an Executive Session of the Committee, and witnesses will be excluded after they testify at the hearing; and

(8) The deliberations of the Standards of Membership Committee are to be conducted privately (secret) at the end of the proceeding. A majority vote is sufficient to support a finding by the committee.

### DISCUSSION

The Court requires the above procedure because it is required to do so to vindicate Mr. Gibson's rights of fair procedure under Virginia law. In *Gottlieb v. Economy Stores, Inc.*, 199 Va. 848, 102 S.E.2d 345 (1958), the Virginia Supreme Court defined the Court's role in analyzing fair procedure claims:

In reviewing an action expelling a member of a corporation, they [the courts] may inquire whether the member was given reasonable notice of the hearing of the charge against him, whether he was afforded an opportunity to be heard, and whether the hearing and expulsion were in good faith. In cases where the evidence is conflicting, the action of the corporation is conclusive, if it is in accor-

dance with the law and the powers conferred upon the corporation. When there is evidence tending to support the conclusion, the courts will not interfere with the merits of the decision.

*Id.* at 352; *see also Emory College of Puerto Rico v. Accrediting Council for Continuing Educ. & Training, Inc.,* No. 97–1416–A, 1997 U.S. Dist. LEXIS 23487 at *5 (E.D.Va. Oct. 22, 1997) (stating that Virginia law is "consistent with" the rule that, "[f]ederal review of the actions of a voluntary association with respect to its members is limited to consideration of whether the decisions are 'arbitrary and unreasonable' and whether they are supported by 'substantial evidence'" (citations omitted)). In line with *Gottlieb,* the Court has no desire to substitute itself for the membership of the Boy Scouts to determine whether Mr. Gibson is fit for membership. Rather, it is required by the relevant caselaw to ensure that Mr. Gibson is provided with his common law rights of fair procedure.

In crafting an appropriate remedy, the Court has considered relevant precedent from the Virginia Supreme Court, the Eastern District of Virginia's interpretation of Virginia law, the Court of Appeals of the District of Columbia, and the United States Court of Appeals for the District of Columbia. For example, in *Gottlieb,* the plaintiff, Mr. Gottlieb, alleged that the revocation of his membership in Economy Stores, Inc. ("Economy," "the defendant") was improper and illegal because of inadmissible and insufficient evidence and bad faith. *Id.* at 348. Shortly after he instituted suit against Economy, Economy reinstated Mr. Gottlieb to membership, gave Mr. Gottlieb written notice of complaints against him and a hearing date. Mr. Gottlieb appeared at the hearing with counsel, and they were allowed to "freely and fully take part" in the hearing before twelve directors. *Id.* at 349. The defendant presented a transcript of the hearing to the Court showing that documentary and testimonial evidence was considered and that Mr. Gottlieb testified in the hearing. *Id.* The Virginia Supreme Court held that the procedure used by the defendants after he filed suit was adequate, and dismissed Mr. Gottlieb's appeal after the trial court refused to issue an injunction requiring the defendants to reinstate Mr. Gottlieb: "It is sufficient if the procedure adopted and followed is fair and reasonable, and made for justice rather than form." *Id.* at 353

Similarly, in *Emory,* the Eastern District of Virginia held that Emory College of Puerto Rico's ("Emory") fair procedure rights were not violated by the Accrediting Council for Continuing Education & Training, Inc.'s ("ACCET") decision to deny accreditation, because Emory was given reasonable notice of ACCET's accreditation action, a hearing, and opportunity to be heard, including permission to file an interim report between evaluations, and to appeal ACCET's initial determination. *Id.* at *7.

In De *Yturbide v. Metropolitan Club of the City of Washington,* 11 App.D.C. 180 (App.D.C.1897), the Court of Appeals of the District of Columbia held that Mr. de Yturbide, who accused the daughter of a member of the Metropolitan Club of writing anonymous letters, was not entitled to reinstatement because the club notified him of the charges against him, gave him a hearing date and an opportunity to be heard, and did not act in bad faith in expelling him. *Id.* The Court also noted that courts, in evaluating the procedure employed by a social club in expelling a member, should consider

[T]hat notices are sent to all the persons who ought to be summoned, whether as committeemen, witnesses or accused; and that no one who has any bias or

personal interest in the matter in question should sit as a member of the tribunal on the inquiry; the accused person should be given full opportunity of defending himself; and finally, the decision should be arrived at in a *bona fide* manner . . .

*Id.* at 199. In addition, in *Berrien v. Pollitzer,* 165 F.2d 21 (D.C.Cir.1947), the United States Court of Appeals for the D.C. Circuit, held that the trial court had jurisdiction to grant an injunction requiring reinstatement of a woman who had been expelled from the National Women's Party because she was "excluded without a 'regularly conducted' trial, on due notice, by 'constituted corporate authorities,' and a 'judgment arrived at . . . in good faith.'" *Id.* at 23 (citing De *Yturbide,* 11 App.D.C. at 195).

## CONCLUSION

In light of the above precedent, the Court requires that the defendants provide Mr. Gibson with the following procedure as they consider the revocation of his membership:

(1) Defendants must provide Mr. Gibson with notice, in writing, of the charges against him;

(2) Defendants must hold a hearing before an impartial tribunal unfamiliar with Mr. Gibson or the facts of this case;

(3) The Scout Executive may appoint the members of the tribunal, described by defense counsel as the "Standards of Membership Committee," but no member may possess independent knowledge of the underlying facts at issue;

(4) Mr. Gibson will be permitted to appear at the hearing with counsel, and he may present live witnesses on his behalf, testify on his own behalf, and cross-examine witnesses;

(5) The Committee may consider anything of probative value and the rules of evidence do not apply to this proceeding;

(6) No member may conduct an independent investigation of the facts at issue or have ex parte contact with witnesses at the proceeding;

(7) The proceeding will occur in private, during an Executive Session of the Committee, and witnesses will be excluded after they testify at the hearing; and

(8) The deliberations of the Standards of Membership Committee are to be conducted privately (secret) at the end of the proceeding. A majority vote is sufficient to support a finding by the committee.

The Court is not reinstating Mr. Gibson to membership pending the outcome of the proceeding because the defendants have made a judgment to revoke his membership on the basis of their membership standards and information not before the Court. The Court has no independent basis to determine whether the reasons for the original decision have merit, and the Court will not substitute its judgment for that of the defendants as to the defendants' standards of membership, instead focusing only on Mr. Gibson's rights to a fair procedure. *See Gottlieb,* 102 S.E.2d at 352. Given the nature of the Boy Scouts membership involving parents, children, and church members, the Court expressly declines to make a pre-hearing judgment to reinstate Mr. Gibson until the BSA give him a fair hearing and the Standards of Membership committee decides his case.

The Clerk is directed to forward a copy of this Order to counsel of record.